IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TASHAWN QWANTREAL THORNE,**
    **Plaintiff,**

    v.                                             **CIVIL ACTION NO. 3:18-CV-109**
                                                           **(GROH)**

**UNITED STATES OF AMERICA,**
**RN MYERS,**
**RN FRIEND,**
**RN S. HEALEY,**
**FEDERAL BUREAU OF PRISONS,**
**A. W. KEYS, and**
**WARDEN COAKLEY.**
    **Defendants.**

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.     INTRODUCTION**

On July 11, 2018, the *pro se* Plaintiff, an inmate[1] at Hazelton USP in Bruceton Mills, West Virginia, filed the above-styled civil rights action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). ECF No. 1.[2] On that same date Plaintiff filed a motion. ECF No. 4. The motion seeks three forms of relief: (1) that Defendants immediately provide Plaintiff medical treatment for injuries to his back and neck that were caused in a car accident in March 2017[3]; (2) that Plaintiff immediately receive mental health treatment for the various mental health issues he

---

[1] According to the Bureau of Prisons' Inmate Locator system, Plaintiff's projected release date is February 10, 2027.

[2] All ECF number cited herein are in 3:18-CV-109, unless otherwise noted.

[3] On March 16, 2017, Plaintiff was en route to a medical appointment with Hazelton USP staff when another car rear ended the vehicle he was riding in, causing him various injuries. Plaintiff has filed at least one civil action related to those injuries, in 1:17-CV-202, in the Northern District of West Virginia. That case was later dismissed on Plaintiff's motion.

claims he suffers from[4]; and (3) that Plaintiff not be mistreated, threatened, intimidated or discriminated against by staff, and receive adequate medical care. Id.

## II. LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction[5] under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

---

[4] In ECF No. 1-1 at 2, Plaintiff claims he suffers from: schizophrenia, anxiety, depression, paranoia, and multiple personality syndrome.

[5] Although Plaintiff's motion for relief is styled as a motion for a temporary restraining order, the relief Plaintiff seeks appears to be more properly considered as a preliminary injunction.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d  808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III.    ANALYSIS

In regard to Plaintiff's motion for a TRO, it appears Plaintiff cannot meet the four-part Winter test for issuance of a TRO or preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim.  "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that he has been denied medical care, however, he has not established that BOP officials have been deliberately indifferent to his physical safety, thereby depriving him of his constitutional rights.  Plaintiff has submitted no medical records or other documentation in support of his claims.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's broad claims that he requires medical and mental health treatment, have failed to articulate any specific symptom or condition that has resulted following the alleged denial of medical treatment. Plaintiff has simply asserted that he is promised medical care by the Constitution, and demands the care he desires, without demonstrating the need for such care.

To the extent that Plaintiff claims that defendants have acted with deliberate indifference to his safety, that claim is not supported by the bald statements Plaintiff has made to the Court. Plaintiff was allegedly injured during a March 16, 2017 automobile accident. He claims that beginning on June 28, 2018, more than fifteen months later, his treatment for injuries from that accident were abruptly ended. Fifteen months of continuing care is not consistent with deliberate indifference by BOP officials. Moreover, because Plaintiff has failed to submit any medical records demonstrating a need for continued care, he has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of harm, Plaintiff has submitted no documents to support his claims. Plaintiff has submitted no medical records, mental health records, or other documents which otherwise support his claims that he has a continuing need for medical treatment.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the Winter test for issuance of an injunction in relation to his motion [ECF No. 4] for a TRO, the same is not merited.  Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## IV.    RECOMMENDATION

For the foregoing reasons, notably that the Plaintiff fails to meet the four part test for issuance of a preliminary injunction, the Court RECOMMENDS that Plaintiff's Motion Seeking a Temporary Restraining Order [ECF No. 4] be DENIED.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:   July 16, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE